IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN RICHARD RYAN, JR.,

    Plaintiff,

v.

THE STARK COLLECTION AGENCY, INC,

    Defendant.

OPINION and ORDER

Case No. 16-cv-29-wmc

In this civil lawsuit, *pro se* plaintiff John Richard Ryan, Jr., is proceeding on a Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. *et seq.*, claim against defendant Stark Collection Agency, Inc. ("Stark"). Now before the court are defendant's motion to dismiss (dkt. #9), plaintiff's motion to amend (dkt. #14), and the parties' joint motion to extend deadlines (dkt. #17). For the following reasons, the court will grant plaintiff's motion to amend, convert defendant's motion to dismiss into a motion for summary judgment, and set further deadlines for the parties to submit proposed findings of fact as provided below. As such, the court will also deny the parties' joint motion as moot.

ALLEGATIONS OF FACT

Plaintiff Ryan is currently incarcerated at the Juneau County Jail in Mauston, Wisconsin, but from July 15, 2015, until January 22, 2016, he was incarcerated at the Dane County Jail. The following allegations from his amended complaint are accepted as true and viewed in a light most favorable to plaintiff.

1

Defendant Stark apparently undertook collection of a "debt" owed by Ryan to an unnamed creditor or creditors, possibly Madison Media Institute ("MMI"), the Madison Trial Office of the State Public Defender ("SPD"), and other debtors. This prompted Stark to send a demand letter to Ryan at the Dane County Jail on December 28, 2015. Before delivering the letter to him, however, employees of the jail opened the letter and reviewed its contents, thereby learning private information about Ryan's debt that he had never consented to Stark disclosing.

On the same day he received the letter, Ryan advised Stark that: (1) he was contesting the debt with the creditor directly; and (2) Stark should refrain from any further collection attempts. Nevertheless, Stark sent Ryan a "notice of intent to certify debt" on January 8, 2016. This notice was also reviewed by employees of the Dane County Jail before it was delivered to Ryan, after which Ryan notified Stark that all, non-legal mail sent to inmates at the jail was screened and read before delivery, meaning that any attempt to collect a debt from an incarcerated person would cause information about the debt to be revealed to third parties. This lawsuit followed, and the court granted Ryan leave to proceed on an FDCPA claim against Stark.

OPINION

I. **Motion to Amend (dkt. #14)**

As an initial matter, the court will grant plaintiff's motion to amend, although ultimately it may not save his claim from dismissal. On September 20, 2017, plaintiff filed his motion to amend because the preliminary pretrial conference order explained to

2

plaintiff that he had to obtain leave of court to amend his complaint. (*See* Prelim. Pretrial Conf. Order (dkt. #16) at 4.) As Federal Rule of Civil Procedure 15(a)(2) encourages courts to grant requests to amend "when justice so requires," the court will grant that motion. Normally, because plaintiff is proceeding *in forma pauperis*, the court would separately screen plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2), but the court will consider plaintiff's amended complaint the operative pleading for purposes of defendant's motion because the issue raised it still ripe.

## II. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). Dismissal is only warranted if no recourse could be granted under any set of facts consistent with the allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Defendant seeks dismissal because: (1) plaintiff's allegations are not sufficiently specific to entitle him to relief under the FDCPA; and (2) regardless, plaintiff's alleged "debts" are, in fact, judgments entered against him that do not qualify as debts under the FDCPA.

First, plaintiff's failure to plead the details of the debt Stark wrote about is troubling, but the court cannot dismiss this lawsuit on that basis alone. Under 15 U.S.C. § 1692a(4), a "debt" is "any obligation or alleged obligation of a consumer to *pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ….*" *Id.* (emphasis added). The court will assume that plaintiff qualifies as a consumer under § 1692a(4), and reading all of his

3

allegations generously, it is not apparent that plaintiff has alleged no facts supporting an inference that he owed a "debt" as defined by the FDCPA.

Under the FDCPA, to determine whether an obligation to pay constitutes a "debt," courts undertake a two-step inquiry: (1) determine whether the obligation arises out of a consensual transaction in which the parties negotiated or contracted for consumer-related goods; and if so, (2) determine whether the debt was owed for a personal, family or household purpose. *Berman v. GC Servs., Ltd. P'ship*, 146 F.3d 482, 484 (7th Cir. 1998). Plaintiff's amended complaint certainly is lacking in details, but it provides sufficient information to permit an inference that the debt may have been owed for a personal purpose.

In his complaint and amended complaint, plaintiff alleges that he owed a debt to MMI and "others" and nothing more; he provides no information about how he incurred the debt or debts, nor what he received in exchange for incurring the debt. In fact, neither of his pleadings provide *any* information about the source of his alleged "debt" that would permit an inference that it is an obligation to pay money arising out of a "transaction in which the money, property, insurance, or services" were for "personal, family, or household purposes." Certainly, the actual letters plaintiff complains about would have been helpful to review, but he failed to attach or submit them. Curiously, neither did defendant Stark in moving to dismiss, which would have been its right since plaintiff referenced them in the pleading.

As a result, while plaintiff invoked the FDCPA and used the term "debt" in his pleadings, his conclusory allegations are insufficient to state a claim under the FDCPA. *See*

4

*Gillen v. Kohn Law Firm, S.C.*, No. 13-cv-373-wmc, 2015 WL 1430375, at *2 (W.D Wis. Mar. 27, 2015) (FDCPA pleadings must provide more than labels or formulaic recitations of the elements of a cause of action); *Weber v. Great Lakes Educ. Loan Servs., Inc.*, No. 13-cv-291-wmc, 2013 WL 3943507, at *4 (W.D. Wis. July 30, 2013) ("legal conclusions and conclusory factual allegations which merely recite the elements of the claim are not presumptively true").

In his opposition brief, however, plaintiff adds more information, asserting that the debt Stark was trying to collect was owed to the SPD *and* the MMI. Later in his brief he muddies the water further by leaving out MMI and arguing that "the relevant 'debt' stems from money owed by the plaintiff to the SPD." (Pl. Opp'n Br. (dkt. #11) at 8.) Even as a *pro se* litigant, plaintiff's confusing attempt to add SPD and/or MMI fails for two reasons. First, he fails to justify his omission of an alleged debt owed to SPD from both his original and amended complaints, which alone is grounds to reject this new allegation. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (rejecting *pro se* plaintiff's attempt to assert new facts in an opposition brief because a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment") (citations omitted). Second, granting plaintiff *more* leniency because he is acting *pro se*, and accepting as true that SPD and MMI are both debtors that Stark was writing about, he only asserts that he owes them money "arising out of consensual transactions." As that woefully vague allegation provides no specific information about the actual purpose of the alleged transactions with either SPD or MMI, there is no basis to infer that the debt was incurred

in exchange for money, property, insurance or services that have "personal, family or household" purposes.

That said, the SPD could have provided plaintiff with "personal" services in the form of a legal defense, and the MMI could have provided plaintiff with personal service in the form of admission into one of its classes. While the court remains troubled by plaintiff's inconsistencies and failure to provide basic background information, it will err on the side of leniency given his *pro se* status, hesitating to dismiss this lawsuit on the basis that he failed to plead the facts more articulately, since it is *conceivable* that plaintiff's version of the facts, if true, could support a finding that the obligations were "debts."

Defendant's second argument -- that the "debt" Stark wrote to Ryan about is not covered by the FDCPA -- would be dispositive, if true, except that Federal Rule of Civil Procedure 12(b)(6) is not the vehicle to address it. As defendant's argument goes, dismissal is necessary because the alleged debts are judgments entered against plaintiff, which do not constitute "debts" as defined by the FDCPA. *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (fines levied by a municipality could not be reasonably understood to arise from consensual consumer transactions for goods and services).[1]

---

[1] Without proof that would seem easily available by reference to the collection letters themselves, defendant specifically suggests that the debt at issue arose from fines or costs associated with the 2015 criminal proceedings initiated against him that led to his time in the jail. Indeed, publicly available court filings indicate that there are two, 2015 judgments entered against Ryan for Unpaid Fines, Forfeitures and Other Financial Obligations. (*See* Exs. A, B, dkts. ## 10-1, 10-2.) As these judgments are part of the public record, the court may take judicial notice of them. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). First, in *State of Wisconsin v. John R. Ryan, Jr.*, Case No. 2014CF26 (Dane Cty. Cir. Ct. Dec. 21, 2015), a judgment was entered against Ryan in the amount of $268 for unpaid court costs from a violation of Wis. Stat. § 946.41(3)(a). That judgment was entered after Ryan failed to pay the $268 within 60 days of August 21, 2015. Second, in *State of Wisconsin v. John R. Ryan, Jr.*, Case No. 2015CF419 (Dane Cty. Cir. Ct. Dec. 21, 2015), a judgment was entered in the amount of $243 for unpaid court costs

However, plaintiff is *not* alleging that judgments were the source of the debt; nor has defendant offered any proof of that fact. Given the court's obligation to take all of plaintiff's allegations as true and draw every inference in his favor, this factual dispute would appear to preclude relief at the motion to dismiss stage. As plaintiff's FDCPA fails as a matter of law if defendant's position is accurate, however, the court will convert its motion to one for early summary judgment under Federal Rule of Civil Procedure 12(d).

In particular, while the letters that Stark sent plaintiff at the jail are expressly referenced in the complaint and amended complaint -- and indeed are central to plaintiff's claim -- neither party submitted those letters, even though they each either possess the letters or, at least, have reason to know their content. Given the letters' import, the court is puzzled by the absence of this material from the record, even at this early stage. As such, the court finds that the interest of justice would be best served by considering solely the issue of precisely what debt was the subject of Stark's December 28, 2015, and January 8, 2016, letters sent to plaintiff at the Dane County Jail, rather than wait for full-blown, summary judgment submissions on all issues.

Accordingly, the court will direct the parties to submit proposed findings of facts with respect to **the debt that *was* the actual subject of Stark's December 28, 2015,**

---

from a violation of Wis. Stat. § 946.41(2r). That judgment was similarly entered when Ryan failed to pay the $243 within 60 days of August 21, 2015. Without expressly representing it to be true, defendant invites the court to *infer* that the obligations Stark was attempting to collect were, in fact, those judgments -- something supported by the Dane County Clerk of Court website, which lists Stark as the collection agency it uses to collect judgments. *See* https://courts.countyofdane.com/prepare/feepay (last visited Dec. 6, 2017). If that assumption were correct, then neither of those obligations constitute a debt under the FDCPA. *Gulley*, 664 F.3d at 1075.

**and January 8, 2016**, letters to plaintiff, under the court's procedures set out at dkt. #16 and the schedule set forth below. Once the court receives those submissions, it will promptly resolve Stark's pending motion. In the meantime, the court will strike other remaining deadlines, as well as the trial date, which will be reset if the court denies Stark's converted motion for summary judgment.

ORDER

IT IS ORDERED that:

(1) Plaintiff John Ryan Jr.'s Motion to Amend (dkt. #14) is GRANTED.

(2) Defendant Stark Collection Agency, Inc.'s Motion to Dismiss (dkt. #9) is converted to a Motion for Summary Judgment.

(3) Defendant's proposed findings of fact and supporting materials as set forth above are due on or before **December 22, 2017.**

(4) Plaintiffs' response to defendant's proposed findings of facts and any additional proposed findings of facts are due on or before **January 5, 2018**.

(5) Defendant's reply to its own findings and response to plaintiff's are due **January 12, 2018**.

(6) All other remaining deadlines and the trial date are STRICKEN, to be reset, if necessary, following the court's resolution of defendant's motion. As such, the parties joint motion for extension (dkt. #17) is DENIED as moot.

Dated this 8th day of December, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge