IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN RICHARD RYAN, JR.,

    Plaintiff,

v.

THE STARK COLLECTION AGENCY, INC.,

    Defendant.

OPINION and ORDER

Case No. 16-cv-29-wmc

In this civil lawsuit, *pro se* plaintiff John Richard Ryan, Jr., was proceeding on a claim against defendant Stark Collection Agency, Inc. ("Stark") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. *et seq.* On December 8, 2017, the court converted defendant's motion to dismiss to a motion for summary judgment and set further deadlines for the parties to submit proposed findings of fact related to "solely the issue of precisely what debt was the subject of Stark's December 28, 2015, and January 8, 2016, letters sent to plaintiff at the Dane County Jail, rather than wait for full-blown, summary judgment submissions on all issues." (Dkt. #18, at 7.) In accordance with that order, Stark submitted additional proposed findings of fact, Ryan responded with an opposition brief, and Stark has replied, requesting both judgment and its reasonable attorneys' fees. For the reasons that follow, the court is granting defendant's motion and entering judgment in its favor, but it is denying the request for fees.

1

UNDISPUTED FACTS

The following facts are material to the subject of the letters Ryan received at the Dane County Jail. They have been drawn from the pleadings, Stark's proposed findings of fact and the evidence cited in those proposed findings, as needed. While the court gave Ryan the opportunity to both respond to Stark's proposed findings of fact and submit his own proposed facts, Ryan has chosen not to do so, instead submitting only an opposition brief. Out of deference to Ryan's *pro se* status, the court reviewed his opposition brief to determine whether his statements in that brief could conceivably be construed as factual averments sufficient to create a genuine issue of material fact. As his brief contains only argument, however, the court deems the following facts undisputed.

I.   **Judgments entered against Ryan**

On August 21, 2015, Ryan had two judgments entered against him. First, he was convicted of a felony for violating Wis. Stat. § 946.42(3)(a), and the judgment of conviction ordered him to pay $268 in court costs. *State of Wisconsin v. John R. Ryan, Jr.*, Case No. 2014CF26 (Dane Cty. Cir. Ct. Aug. 21, 2015). Second, he was convicted of a misdemeanor for violating Wis. Stat. § 946.41(1), and he was ordered to pay an additional $243 for court costs. *State of Wisconsin v. John R. Ryan, Jr.*, Case No. 2015CF419 (Dane Cty. Cir. Ct. Aug. 21, 2015). Then on December 21, 2015, because Ryan failed to pay the judgments entered against him within 60 days of August 21, 2015, two more judgments were entered against Ryan, both for Unpaid Fines, Forfeitures and Other Financial

Obligations. In Case No. 2014CF26, the judgment was for $268, and in Case No. 2015CF419, the judgment was for $243.

II.     Stark's debt collecting practices

Stark employee Nathan Kalnins submitted a declaration in which he explains the process that Stark uses to send notices to debtors. Specifically, Stark uses a commercial letter-printing vendor to print and mail a majority of its notices. When Stark wants to send a letter to a debtor, Stark sends the vendor a data file containing the information to print on the notice. Then the vendor populates that data onto a template letter and mails the letter.

Kalnins further explains that there are two relevant types of form letters that Stark sends its debtors. The first is a "validation" letter that Stark typically sends as its first communication to all of its debtors, which can contain a notice code "A01." The second type of letter contains information regarding the government subdivision's right to certify a debt to the Wisconsin Department of Revenue as part of the Department of Revenue's Tax Refund Intercept Program. This letter contains notice code "T20."

III.    Stark accounts listing Ryan as debtor

On December 21, 2015, Dane County Circuit Court referred both money judgments to Stark for collection from Ryan. Stark then assigned unique Stark account numbers to Ryan's judgments. It assigned Case No. 2015CF419 the account number C270546, and Case No. 2014CF26 the account number C270547.

The two Dane County judgments were not the only accounts in which Ryan was the debtor, however. Rather, Stark's documents show four account numbers listing Ryan as the debtor: (1) C65466, with the Dane County Clerk of Court the listed client; (2) C9166, with the Madison Media Institute the listed client; (3) C270546, with what appears to be the Dane County Clerk of Court the listed client; and (4) C270547, with the Dane County Clerk of Court the listed client. (Ex. F (dkt. #20-6) at 2.)

## IV. Stark's communications with Ryan

On May 12, 2014, Stark caused an A01 letter to be mailed to Ryan for Stark account number C9166, Ryan's Madison Media Institute debt. That was Stark's only communication with Ryan about that debt. Nothing in the record suggests that when Ryan received this letter he was incarcerated at the Dane County Jail.

On December 28, 2015, Stark instructed its vendor to send two A01 letters to Ryan, one each for the two December 2015 Dane County Clerk of Court debts, Stark account numbers C270546 and C270547. (Kalnins decl. (dkt. #22).) While Stark did not submit the *actual* letters as evidence, Kalnins avers that those letters showed only Ryan's name, the Dane County Jail address, the Dane County Case Number, the Dane County case judgment date, the amount due to the Dane County Clerk of Courts, and the unique Stark account number.

Similarly, on December 29, 2015, Stark caused its vendor to send Ryan two T20 form letters, one each for Stark account numbers C270546 and C270547. Kalnins explains that both letters showed Ryan's name, the Dane County Jail address, the Dane

4

County case number, the Dane County case judgment date, the amount due to the Dane County Clerk of Courts and the unique Stark account number. While it is unclear exactly when both of those letters arrived at the Dane County Jail, the parties do not dispute that jail employees reviewed both.

On January 12, 2016, Stark received a handwritten letter from Ryan. The letter was dated January 5, 2016, and was the first communication that Stark received from Ryan. In it, Ryan (1) references Stark account numbers C270546 and C270547 and Dane County Case Nos. 2014CF26 and 2015CF419, (2) indicates that Ryan has applied for post-conviction relief from those judgments, and (3) requests that "any reporting to the relevant credit bureaus be postponed until a final judgment affirming the debt" is ordered. (Ex. G (dkt. #20-7), at 2.)[1]

On January 14, 2016, Stark received a second handwritten letter from Ryan, dated January 9, 2016. (Ex. H (dkt. #20-8) at 2.) In this letter, Ryan informed Stark that he had filed a complaint in federal court and directed Stark to contact Ryan's attorney with Stark's attorney's contact information. The letter did not include a request that Stark stop contacting Ryan regarding the accounts. The address block of the letter again referenced account numbers C270547 and C270546.

On January 25, 2016, Stark received a third handwritten letter from Ryan, this time dated January 19, 2016. (Ex. I (dkt. #20-9) at 2.) That letter cited this lawsuit and reiterated Ryan's request for Stark's attorney information. While this letter did not refer

---

[1] While Ryan alleged in his amended complaint that he sent the letter "on or about" December 28, 2015, the court has accepted January 5, 2015, as the date of his letter because Stark submitted and authenticated the letter itself, and Ryan does not dispute that this letter was actually dated January 5, 2015.

to the two Stark account numbers, Ryan did state that he had filed his post-conviction request with the Dane County Clerk of Court and specifically cited to Case No. 2014CF26. (*Id.* at 3.)

OPINION

As noted, defendant seeks judgment because plaintiff's alleged "debts" are, in fact, judgments entered against him that do not qualify as debts under the FDCPA. *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1075 (7th Cir. 2011) (fines levied by a municipality could not be reasonably understood to arise from consensual consumer transactions for goods and services).

As already explained, due to the apparent factual dispute about the subject of the letters Ryan received at the jail, the court could not conclude at the motion to dismiss phase that the obligations Stark was attempting to collect were the two Dane County judgments. (Dkt. #18, at 7.) While defendant still has not submitted copies of the actual letters plaintiff received, it has now submitted sufficient, undisputed evidence to make it unreasonable for a fact finder to conclude that the letters referenced anything other than the two Dane County Circuit Court judgments, particularly when plaintiff has the burden of proof. *See Williams v. Selene Finance*, No. 15-C-7115, 2016WL 4493500, at *4 (N.D. Ill. Aug. 26, 2016) (dismissing § 1692 claim because plaintiff failed to allege facts to support claim that defendant knew she was represented by counsel when contacting her). Indeed, Stark employee Kalnins averred that the letters sent to plaintiff at the jail referenced *only* the judgments and Stark's account numbers for those judgments.

6

Moreover, Ryan's January 5, 2015, response letter confirms as much by again referencing those judgments and the corresponding Stark account numbers. Given that Ryan disputes neither that the letters were limited to two judgments, nor that he wrote the letters referencing those Dane County judgments, the only reasonable inference is that the letters concerned those judgments alone.

Furthermore, defendant's submissions obviate the court's previous concern that the subject of the 2015 letters could have been the debt that Ryan owed to the Madison Media Institute, a debt likely covered by the FDCPA. Specifically, Kalnins explains without contradiction that while Stark did cause a letter regarding plaintiff's debt to Madison Media Institute to be sent in 2014, Stark did not send plaintiff any other communications about that debt. Absent some evidence to the contrary, therefore, it would be wholly unreasonable to conclude that the letters sent to plaintiff at the Dane County Jail in December of 2015 -- the subject of this lawsuit -- referenced anything other than the two Dane County Clerk of Court judgments.

At the same time, defendant's request for attorneys' fees will be denied. Pursuant to 15 U.S.C. § 1692k, the court may award defendant attorney's fees upon a finding that the action was "brought in bad faith and for the purpose of harassment." While the record now confirms that plaintiff's FDCPA claim fails as a matter of law, it is not apparent that plaintiff purposefully pursued a claim that he knew to be frivolous. To the contrary, if construed generously, plaintiff's claim appeared to have some traction until the parties fleshed out the factual record. As defendant has not supported its request with any facts

suggesting that plaintiff filed this lawsuit to harass, its request for reasonable attorney's fees will be denied.

ORDER

IT IS ORDERED that:

(1) Defendant Stark Collection Agency, Inc.'s motion for summary judgment (dkt. #9) is GRANTED.

(2) Defendant's request for attorneys' fees is DENIED.

(3) The clerk of court is DIRECTED to enter judgment in defendant's favor and close this matter.

Dated this 28th day of March, 2018.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge